UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SHELBY KAY DURFEE,<br><br>                    Plaintiff,<br><br>    vs.<br><br><br>GPEX TRANSPORT, INC.; AMIT KUMAR,<br><br>                    Defendants. | 4:23-CV-04042-KES<br><br><br>ORDER ON DEFENDANTS' MOTION TO COMPEL<br><br>DOCKET NO. 34 |

**INTRODUCTION**

A discovery dispute is before the court on the complaint of South Dakota resident Shelby Kay Durfee against Canadian trucking firm GPEX Transport, Inc. and truck driver Amit Kumar. Docket Nos. 1 & 34. Ms. Durfee alleges various causes of action related to a March 25, 2021, highway collision. See generally Docket No. 1. Pursuant to Federal Rules of Civil Procedure 35 and 37, defendants move to compel Ms. Durfee's attendance at independent medical examinations "in an unfettered and unrecorded manner." Docket No. 34 at p. 1. Pursuant to 28 U.S.C. § 1332(a)(2), jurisdiction is premised on the parties' diversity of citizenship. Docket No. 1, ¶ 8; Docket No. 10, ¶ 9. This opinion resolves defendants' Motion to Compel Independent Medical Examinations [Docket No. 34], which the district court referred to this magistrate judge. Docket No. 42.

**FACTS**

On or about March 25, 2021, at approximately 4:40 a.m., Amit Kumar was driving a tractor-trailer, owned by GPEX Transport, southbound on Interstate 29 in Lincoln County, South Dakota.  Docket No. 1, ¶ 24.  Kumar was driving in the left-hand passing lane.  Id. ¶ 27.  Shelby Kay Durfee claims she was driving a Ford Fusion in the right lane when Kumar entered her lane, causing a violent collision.  Id. ¶¶ 28–34.

Ms. Durfee filed a complaint with this court alleging the negligence of both GPEX and Kumar.  See generally Docket No. 1.  Ms. Durfee alleges that she "suffered serious injuries affecting her activities of normal daily living" and that these injuries are believed to be permanent in nature.  Id. ¶¶ 82, 90.

During discovery, defendants noticed three independent medical examinations for Ms. Durfee to attend, for "a neuropsych, neurologist and PM&R specialist."  See Docket Nos. 36-2, 36-3, 36-4; cf. Docket No. 36-6.  The examinations were all to take place in the Twin Cities of Minneapolis and St. Paul, Minnesota, and on three different dates, despite Ms. Durfee being a resident of Sioux Falls, and none of the parties being a resident of Minnesota.  Docket Nos. 36-2, 36-3, 36-4, see Docket No. 1, ¶¶ 1–2.  Counsel for the parties compromised on cost reimbursements and examinations that took place on consecutive days.  See generally Docket No. 36-5.  What counsel could not agree on, however, was whether the examinations must be video recorded.

<u>Id.</u> Counsel for defendants presented what each of the proposed doctors stated they would allow:

> **Dr. Richard Doss** – For recording the IME a court reporter must be scheduled to record the IME and only the interview portion of the exam may be recorded.
>
> **Dr. Erin Carlson** – will allow audio and video recording for the interview portion only.
>
> **Dr. Jennifer Thomas** – Dr. Jennifer Kendall Thomas – she will allow audio recording during the IME as long as she is allowed to take her own recording as well.
>
> You will need to arrange for a court reporter for those that allow stenographic recording and audio/video services at your own expense.  We will also demand that you produce any video, audio, or stenographic recordings to us within one week of the exam. Video/audio recordings must be produced in native format.

<u>Id.</u> at p. 3.

This attempt at compromise was rejected by Ms. Durfee, who insisted on litigating the matter.  <u>Id.</u> at p. 1.  Defendants brought this motion, arguing Ms. Durfee has no basis to record her examinations.

## DISCUSSION

Federal Rule of Civil Procedure 35(a)(1) provides that "[t]he court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  The order "may be made only on motion for good cause and on notice to all parties and the person to be examined."  FED. R. CIV. P. 35(a)(2)(A).  "A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and

provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." Schlagenhauf v. Holder, 379 U.S. 104, 119 (1964).

Here, Ms. Durfee's complaint is a negligence action that asserts mental or physical injury. See generally Docket No. 1. So, the question of her well-being is "clearly in controversy" and defendants' motion is made for good cause. Schlagenhauf, 379 U.S. at 119. Ms. Durfee argues that defendants can use test data from her own testing, thus undermining good cause to seek their own. Docket No. 39 at p. 1. That theory conflicts with Schlagenhauf's unequivocal holding that pleadings such as Ms. Durfee's provide per se good cause for a defendant to seek IMEs. She cannot ward off defendants' examinations by winning a race to her preferred providers.

Rule 35 also explains precisely what the party or person examined is entitled to upon request—"a copy of the examiner's report," which "must be in writing and must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests." FED. R. CIV. P. 35(b)(1)–(2). Rule 35 does give courts broad discretion to fashion (or not) conditions under which examinations must be administered. Sanden v. Mayo Clinic, 495 F.2d 221, 225 (8th Cir. 1974); see FED. R. CIV. P. 35(a)(2)(B). But in the context of allowing a recording, most courts (including those in this district) discourage the practice absent a compelling reason. See, e.g., Tomlin v. Holecek, 150 F.R.D. 628, 631–34 (D. Minn. 1993); Holland v. United States, 182 F.R.D. 493,

4

495–96 (D.S.C. 1998) (collecting cases); <u>Petersen v. Rapid City, Pierre & E. R., Inc.</u>, No. 5:22-CV-5064, 2023 WL 6466199, at *4–5 (D.S.D. Oct. 4, 2023) (collecting cases).  Principles underlying this position include "preserv[ing] the equal footing of the parties," ensuring the authenticity of the examination results, and avoiding "the infusion of the adversary process" into what should be a purely scientific endeavor.  <u>Tomlin</u>, 150 F.R.D. at 631–34.

The requirement of a compelling reason for recording finds its basis in Rule 26.  <u>Petersen</u>, 2023 WL 6466199, at *3–5.  As the <u>Petersen</u> court explained, an IME is simply one method of discovery.  <u>Id.</u> at *3.  And so, once relevance is established for an IME, it becomes the burden of the party resisting discovery "to show why the examination should not go forward in the manner noticed."  <u>Id.</u> at *3–4 (citations omitted).

Here, Ms. Durfee argues that recording is necessary for two reasons: (1) to mitigate and evaluate the practice effect; and (2) to generally ensure the defendants' examiners "meticulously administer the requested examinations, comply with test parameters, and accurately report the results and [Ms. Durfee's] performance."  Docket No. 39 at pp. 2, 17.

Ms. Durfee explains that the " 'practice effect' . . . refers to the improvement in performance on retesting that is due to previous exposure to the same or similar neuropsychological measures rather than to a true change in the individual's ability due to improved condition."  Docket No. 39 at p. 1. The court finds the concept sufficiently self-explanatory that it can be

described to the factfinder without requiring the recording of the examinations. And because the "practice effect" could be invoked any time the plaintiff secures their own examination before the defendant, allowing recording for this purpose would render recording routine when it should be extraordinary—a shift this court rejects for the reasons outlined above.

A similar shift would occur if the court were to subscribe to Ms. Durfee's second justification for recording—to generally ensure defendants' examiners conduct their work with precision and honesty. Surely, it would help Ms. Durfee's case if she could explain away inconsistencies in testing by referring the factfinder to mistakes or mischief created by the defendants' examiners. See Docket No. 39-5 at pp. 2–5. But this court will not be compelled by "the mere possibility that a defendant's expert might act inappropriately." Ussatis v. Bail, No. 1-18-cv-62, 2019 WL 2250268, at *4 (D.N.D. May 24, 2019). Ms. Durfee has provided no details to suggest that the examinations of Drs. Doss, Carlson, or Kendall Thomas are suspect, and the court presumes these providers will act with professionalism.

The federal rules require the provision of an expert's report that "must contain," *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the facts or data considered by the witness in forming them." FED. R. CIV. P. 26(a)(2)(B)(i)–(ii). The court finds that this report, in tandem with the examiner's report provided

6

for by Rule 35, will give Ms. Durfee's experts sufficient data from which they may determine the reliability of defendants' experts' opinions.

Recording is denied. The parties are free to proceed in accordance with defendants' previous offers of compromise regarding recording, but the court does not order or require this. Ms. Durfee appears amenable to traveling to the Twin Cities for her examinations, subject to the agreed upon expense allowances. And so, the court sees no need to interfere with those details.

## CONCLUSION

Based on the foregoing facts, law, and analysis, it is:

ORDERED that defendants' Motion to Compel Independent Medical Examinations [Docket No. 34] is granted. It is further

ORDERED that Shelby Kay Durfee will submit to independent medical examinations by Drs. Doss, Carlson, and Kendall Thomas, at dates and times mutually agreed upon by the parties and in accordance with the current scheduling order. Any question of an amendment to that order must be addressed with the district court. If the parties cannot arrive at mutually convenient dates, they must notify this court within five business days, and dates will be chosen by this court. Defendants shall furnish lodging, transportation, and expenses, as previously agreed upon by the parties.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).   Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 11th day of December, 2024.

BY THE COURT:

_____

VERONICA L. DUFFY

United States Magistrate Judge